IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE G. WOJCIK, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-2314-D |
| VS. § | |
| § | |
| COSTCO WHOLESALE CORP., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Following the entry of partial summary judgment and a jury trial, plaintiff Lawrence G. Wojcik ("Wojcik") and defendant Costco Wholesale Corporation ("Costco") tried to a jury Wojcik's remaining claim for age discrimination under the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code Ann. § 21.001, *et seq*. (West 2015). Based on the jury's findings that Wojcik proved that his age was a motivating factor in Costco's decision to terminate his employment, but that Costco also proved that it would have made the same decision to terminate Wojcik's employment even if it had not considered his age, the court entered judgment awarding Wojcik attorney's fees and related nontaxable expenses, taxable costs of court, and post-judgment interest, but denied all other relief that Wojcik sought and that the jury awarded. Wojcik now moves under Fed. R. Civ. 59(e) to alter or amend the judgment and for attorney's fees and costs, and Costco moves under Rule 50(b) for judgment as a matter of law, under Rule 59(e) to alter or amend the judgment, and for review of the clerk of court's award of taxable court costs. For the reasons that follow, the

court denies Wojcik's motions, grants Costco's Rule 59(e) motion, denies Costco's Rule 50(b) motion, and denies as moot Costco's motion to review the clerk of court's award of taxable costs. The court enters an amended judgment dismissing Wojcik's action with prejudice.

I

Because this case is the subject of a prior opinion, *Wojcik v. Costco Wholesale Corp.*, 2015 WL 1511093, at *1 (N.D. Tex. Apr. 2, 2015) (Fitzwater, J.) ("*Wojcik I*"), the court will recount only the background facts and procedural history that are necessary to understand the present decision.

A

Wojcik began working for Costco as a meat cutter in 1988, and he was later promoted to Meat Department Manager, a position he held for 20 years. In 2012 Wojcik—age 60—was terminated. Following his termination, Wojcik sued Costco on various claims, including for age discrimination under the TCHRA.

In the fall of 2011, Wojcik transferred to a Costco store in Frisco, Texas ("Frisco Store"), which was overseen by Warehouse Manager Nak-he Evans ("Evans"), who was in her late 30s. At trial, Wojcik presented evidence that Evans made several age-related comments about him. For example, Evans once told Wojcik: "If you weren't so old, you could move a little faster." *Wojcik I,* 2015 WL 1511093, at *2.

Costco presented evidence that it terminated several Meat Department Managers for violations of Costco policy from 2008 to 2011. The Meat Department uses a document

referred to as the Standard Sanitation Operations Procedures ("SSOP") log, which is used, among other things, to keep track of when cleaning is performed, and by whom. *Id.* According to Costco's procedure, the SSOP log is to be initialed by the employee who performs cleaning work and the manager who inspects the work.

Costo introduced evidence at trial that, in January 2012, it came to Evans' attention that an SSOP log for January 23, 2012, bearing Wojcik's initials and the initials of another employee, Mark Manskey ("Manskey"), had been backdated to appear as though it had been timely completed. Evans initiated an investigation, interviewed Wojcik and Manskey, and discovered that Manskey was absent from work on January 23, 2012. Wojcik admitted that he backdated the SSOP log but denied that he had written Manskey's initials on the log. Evans relayed her findings to Costco's Vice President of Operations, Kim Silva, who relayed the findings to Regional Vice President Richard Webb ("Webb"). Evans also emailed Webb directly regarding the investigation. Webb decided to terminate Wojcik for the stated reasons of "Violation of Manager's Standard of Ethics" and "Falsification of Company Records." *Id.* at *3.

B

Costco moved for summary judgment on all of Wojcik's claims. The court granted partial summary judgment dismissing all of Wojcik's claims except his age discrimination claim under the TCHRA. *Wojcik I*, 2015 WL 1511093, at *12. The TCHRA claim was tried to a jury, which found that Wojcik's age was a motivating factor in Costco's decision to terminate his employment, but also found that Costco would have made the same decision

to terminate Wojcik even if it had not considered his age. The jury awarded no compensatory damages, but it awarded back pay in the amount of $126,546.46, and front pay in the amount of $142,370. The court entered judgment awarding Wojcik attorney's fees and related nontaxable expenses, taxable costs of court, and post-judgment interest, but denied all other relief that Wojcik sought and that the jury awarded.

II

Wojcik and Costco both move for post-judgment relief. Costco moves under Rule 50(b) for judgment as a matter of law, contending that the evidence was insufficient for a reasonable jury to find that Wojcik's age was a motivating factor in Costco's decision to terminate his employment. Costco maintains that Wojcik presented no evidence of pretext; that stray marks are not enough to establish that age was a motivating factor; that the same actor doctrine creates a strong presumption, which Wojcik did not overcome, of no discriminatory animus; and that the alleged animus was not the proximate cause of Wojcik's termination. Wojcik maintains that there was sufficient evidence for the jury to find that Costco's decision to terminate him was motivated, at least in part, by his age.

Wojcik moves under Rule 59(e) to alter or amend the judgment so that it reflects that Costco would not have made the same decision to terminate him if it had not considered his age. Wojcik argues that the jury's finding that Costco would have made the same decision in the absence of age discrimination is not supported by sufficient evidence. Costco responds that Wojcik's Rule 59(e) motion is actually a motion for judgment as a matter of law under Rule 50(b), and that Wojcik waived his right to file a motion under Rule 50(b) because he

failed to make a motion under Rule 50(a). Costco also maintains that there was sufficient evidence to support the jury's finding that Costco would have terminated Wojcik even without considering his age.

Wojcik also seeks declaratory and injunctive relief based on the jury's finding that his age was a motivating factor in Costco's decision to terminate him. Wojcik asks the court to enjoin Costco from future acts of discrimination and to declare that Costco violated Wojcik's rights under the TCHRA, engaged in unlawful employment discrimination, and considered an illegal factor in deciding to terminate Wojcik's employment. Costco opposes injunctive and declaratory relief and argues that Wojcik is not entitled to seek injunctive relief for the first time at this late stage, and that such relief is not warranted.

Finally, Costco moves under Rule 59(e) to alter or amend the judgment to award no attorney's fees or taxable costs to Wojcik. Costco argues that Wojcik is not a prevailing party and therefore is not entitled to attorney's fees or costs. Wojcik responds that he is a prevailing party because the jury found that his age was a motivating factor in Costco's decision to terminate his employment. He also moves for an award of attorney's fees and nontaxable expenses. Costco moves the court to review the taxable costs that the clerk of court assessed against Costco.

III

The court first addresses Costco's Rule 50(b) motion for judgment as a matter of law.

A

"A motion for judgment as a matter of law 'challenges the legal sufficiency of the evidence to support the verdict.'" *Jacobs v. Tapscott*, 516 F.Supp.2d 639, 643 (N.D. Tex. 2007) (Fitzwater, J.) (quoting *Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 195 (5th Cir. 2006)), *aff'd*, 277 Fed. Appx. 483 (5th Cir. 2008).

> Judgment as a matter of law is appropriate with respect to an issue if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party on that issue. This occurs when the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict. In considering a Rule 50 motion, the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party; the court may not make credibility determinations or weigh the evidence, as those are jury functions. In reviewing the record as a whole, the court must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.

*Id.* (quoting *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004)). The court will "'uphold a jury verdict unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable [jurors] could not arrive at any verdict to the contrary.'" *Goodner v. Hyundai Motor Co.*, 650 F.3d 1034, 1039 (5th Cir. 2011) (quoting *Cousin v. Trans Union Corp.*, 246 F.3d 359, 366 (5th Cir. 2001)). "In other

words, the 'jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did.'" *Id.* at 1039-40 (quoting *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008)).

B

Costco moves for judgment as a matter of law as to the jury's finding that Wojcik's age was a motivating factor for terminating Wojcik's employment. Costco contends that Wojcik presented no evidence of pretext at trial; that stray marks by Evans are not enough to establish that Wojcik's age was a motivating factor in Costco's decision to terminate Wojcik; that because Evans made the decision to hire Wojcik, and was found to have influenced the decision to terminate Wojcik, the same actor doctrine creates a strong presumption, which Wojcik did not overcome, of no discriminatory animus; and that the alleged animus was not the proximate cause of Wojcik's termination.

Wojcik responds that there is sufficient evidence for the jury to find that Costco's decision to terminate Wojcik was motivated, at least in part, by Wojcik's age. Among other evidence introduced at trial, the proof included Wojcik's testimony regarding Evans' age-related comments; evidence that Evans investigated the SSOP log and reported her findings to Webb; and evidence that Webb decided to terminate Wojcik after receiving Evans' report.

C

The court holds that the evidence introduced at trial was sufficient to support the jury's verdict that Wojcik's age was a motivating factor in Costco's decision to terminate him. Under the "cat's paw" theory, "the discriminatory animus of a manager can be imputed

to the ultimate decisionmaker if the decisionmaker 'acted as a rubber stamp, or the "cat's paw," for the subordinate employee's prejudice.'" *Laxton v. Gap Inc.*, 333 F.3d 572, 584 (5th Cir. 2003) (quoting *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 227 (5th Cir. 2000)). "To invoke the cat's paw analysis, [a plaintiff] must submit evidence sufficient to establish two conditions: (1) that a co-worker exhibited discriminatory animus, and (2) that the same co-worker 'possessed leverage, or exerted influence, over the titular decisionmaker.'" *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 653 (5th Cir. 2004) (quoting *Russell*, 235 F.3d at 227).

Wojcik introduced, *inter alia*, his testimony that Evans made age-related comments to him. And Evans' testimony reflects that she investigated the SSOP incident and reported her findings to Webb, the decisionmaker. Wojcik also introduced Plaintiff's Exhibit 7 and Webb's testimony, which reflect Webb's decision to terminate Wojcik's employment after reviewing Evans' notes of her investigation. Under a cat's paw theory, there was sufficient evidence for a reasonable jury to find that Wojcik's age was a motivating factor in Costco's decision to terminate him.

IV

The court next turns to Wojcik's motion to alter or amend the judgment. Wojcik asks the court to amend the judgment so that it reflects that Costco would not have made the same decision to terminate him if it had not considered his age. He also asks the court to award declaratory and injunctive relief.

A

The court first considers Wojcik's motion to alter or amend the judgment so that it has the effect of disregarding the jury's finding that Costco would have made the same decision to terminate Wojcik's employment if it had not considered his age.

1

Wojcik argues that "virtually no evidence" supports the jury's finding that Costco would have decided to terminate Wojcik even without considering his age, and that because the jury found that Costco's decision was illegally motivated by age, Costco could not prove its same decision defense.

Costco responds that Wojcik's Rule 59(e) motion should be construed as a motion for judgment as a matter of law under Rule 50(b), and that Wojcik waived his right to seek relief under Rule 50(b) because he did not make a timely motion for judgment as a matter of law under Rule 50(a). On the merits, Costco maintains that there was sufficient evidence for the jury to reasonably find that Costco would have decided to terminate Wojcik even without considering his age. This proof includes Webb's testimony that Wojcik was terminated for falsifying company records and violating the Manager's Standard of Ethics, evidence about the importance of adhering to standards of cleanliness in the Meat Department, and evidence that other Meat Department Managers, each of whom was younger than Wojcik, had been terminated for policy violations, and Evans' testimony that Wojcik made false statements to her regarding the SSOP during her investigation. For example, Webb testified that he terminated Wojcik because "he lied in an investigation and he falsified and forged [the

SSOP]," and "I had to follow the precedent in the region and I had — needed to terminate him," and that Wojcik's age had "absolutely nothing" to do with the decision. D. App. in Resp. to P. Mot. Alter or Amend at 37.

Wojcik replies that Costco offered no testimony that it would have terminated Wojcik even if it had not considered his age. He maintains that, once he proved that his age was a motivating factor in Costco's decision to terminate him, the burden shifted to Costco to prove that it would have made the same decision without considering his age.

2

The court will assume *arguendo* that Wojcik's motion can be construed as a Rule 50(b) motion, and further assume that Wojcik did not waive his right to seek relief under Rule 50(b) by failing to make a timely Rule 50(a) motion. Even so, Wojcik is not entitled to relief on the merits because the evidence introduced at trial was sufficient to support the jury verdict.

Costco introduced, *inter alia*, Webb's testimony explaining the reasons that he terminated Wojcik, which included falsification of company records and violation of Costo policy, and denying that his decision was based on Wojcik's age. The jury could have reasonably found both that Wojcik's age was a motivating factor in Webb's decision due to Evans' influence on that decision, and that Webb would have made the decision to terminate Wojcik regardless of his age.

B

The court next decides whether Wojcik is entitled to declaratory and injunctive relief.

1

The court "may grant declaratory relief [and] injunctive relief" where a complainant proves that age was a motivating factor for an employment decision and the respondent proves that it would have taken the same action in the absence of the impermissible motivating factor. Tex. Lab. Code Ann. § 21.125(b) (West 2015). Wojcik maintains that the court should enjoin Costco from discriminating on the basis of age. He also asks the court to require Costco to provide all current employees at the Frisco Costco store a copy of a notice setting forth the court's declaration of the jury's finding of age discrimination and certain sections of the Texas Labor Code, and to post copies of the notice in conspicuous places in the Frisco Costco store. P. Mot. to Alter or Amend at 10. According to Wojcik, even if Costco's discriminatory acts against Wojcik have ceased and are unlikely to recur, the court should enjoin Costco from future acts of discrimination against others and distribute notices describing the jury's finding of age discrimination.

Costco opposes injunctive relief and argues that Wojcik waived this remedy by failing to request injunctive relief in his complaint or in the pretrial order. Costco maintains that, if not waived, injunctive relief should not be awarded because Wojcik has not shown that such relief is necessary to prevent future harm, and Costo established at trial that it maintains a written policy expressly prohibiting age discrimination.

2

In his complaint, Wojcik sought "[j]udgment against [Costco] ordering [it] to take such other reasonable actions as may be necessary to remedy the effects of [its] violation of 28 U.S.C. § 621, *et seq.*, as amended, 29 U.S.C. § 2601, *et seq.*, and the Texas Labor Code[.]" Compl. at 10. In the pretrial order, Wojcik sought relief in the form of "economic damages, compensatory damages, punitive damages, and attorneys' fees and costs." Pretrial Order at 1. Wojcik did not otherwise request declaratory or injunctive relief in his complaint or the pretrial order.

"The joint pretrial order supersedes all pleadings and governs the issues and evidence to be presented at trial." *E.E.O.C. v. Serv. Temps, Inc.*, 2010 WL 5108733, at *3 (N.D. Tex. Dec. 9, 2010) (Fitzwater, C.J.) (citing *Quick Techs., Inc. v. Sage Grp., PLC*, 313 F.3d 338, 345-46 n.5 (5th Cir. 2002)), *aff'd*, 679 F.3d 323 (5th Cir. 2012). "'Once the [pretrial] order is entered, it controls the scope and course of the trial.'" *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 392-93 n.4 (5th Cir. 1998) (quoting *Valley Ranch Dev. Co. v. FDIC*, 960 F.2d 550, 554 (5th Cir. 1992)). "If a claim or issue is omitted from the order, it is waived." *Id.*

Costco argues that Wojcik cannot seek an injunction at this late stage of the proceedings because he failed to actively pursue a claim for injunctive relief at trial or to notify the parties and the court of his intent to do so. Costco insists that, had Wojcik notified Costco before trial that he sought injunctive relief, Costco would have "taken a different approach at trial. For example, Costco would have offered evidence concerning the nature and scope of its past, present, and future efforts to comply with the Texas Commission on

Human Rights Act." D. Resp. to Mot. Alter or Amend at 10. According to Costco, because it was unaware that Wojcik sought injunctive relief, it was "effectively precluded" from offering evidence demonstrating that an injunction is inappropriate, and it is unfairly prejudiced. *Id.*

The court agrees with Costco. The facts of *Peterson v. Bell Helicopter Textron, Inc.*, 806 F.3d 335 (5th Cir. 2015), are apposite here. In *Peterson* the jury found that age was a motivating factor in Bell Helicopter's decision to terminate Peterson's employment, and that Bell Helicopter would have made the same decision had it not considered Peterson's age. *Id.* at 337. After the district court entered judgment dismissing Peterson's claims, he sought injunctive relief based on the jury's finding that age was a motivating factor in Bell Helicopter's decision. *Id.* at 338-39. Peterson did not request injunctive relief in his trial brief setting out all claims and defenses, at the pretrial conference, or during trial, but Peterson sought in his complaint "[a]ny further legal and equitable relief to which [he] may justly be entitled." *Id.* at 339-40 (internal quotation marks and citation omitted).

The district court entered an injunction, relying on its authority under Rule 54(c) to grant any appropriate relief pursuant to Peterson's general prayer. *Id.* at 340. The Fifth Circuit reversed and held that Peterson had waived his right to seek injunctive relief. *Id.* at 339. The court reasoned that although a plaintiff may seek relief not requested in his complaint or during trial, Peterson's failure to seek injunctive relief "severely prejudiced" Bell Helicopter because "[f]or the entirety of the litigation, from service of process through final judgment, Bell believed it was only defending against a suit for Peterson's personal

- 13 -

money damages." *Id.* at 340-41.  Had Bell Helicopter known that Peterson intended to seek injunctive relief, it would have defended against that relief and presented additional testimony.  Because Bell was unduly prejudiced by Peterson's late request for injunctive relief, the court held that Peterson waived his request and vacated the injunction.  *Id.* at 343.

Like Bell Helicopter, Costco is unduly prejudiced by Wojcik's late request for injunctive relief.  In the pretrial order, Wojcik sought relief only in the form of damages. Wojcik's complaint, which was superseded by the pretrial order and included a general request that the court order Costco to take reasonable actions to remedy the alleged discriminatory acts, did not give Costco notice that Wojcik would seek an injunction against future acts of discrimination.  Had Wojcik provided timely notice, Costco could have presented additional evidence of "the nature and scope of its past, present, and future efforts to comply with the Texas Commission on Human Rights Act."  D. Resp. to Mot. Alter or Amend at 10.  Because Wojcik's untimely request for injunctive relief unduly prejudiced Costco, the court declines to award injunctive relief.[1]

C

The court next addresses Wojcik's request for declaratory relief.  Declaratory relief is discretionary for violations of the TCHRA.  *See* Tex. Lab. Code Ann. § 21.125. Declaratory relief is "forward looking" and "affects a party's behavior or alters the parties'

---

[1] Because the court holds that Wojcik has waived his right to seek injunctive relief, the court need not decide whether injunctive relief is appropriate, or the scope of any such injunctive relief.

legal relationship on a going-forward basis." *Intercontinental Grp. P'ship v. KB Home Loan Star L.P.*, 295 S.W.3d 650, 660 (Tex. 2009).

Wojcik seeks a declaration that Costco violated his rights under the TCHRA, engaged in unlawful employment discrimination, and considered an illegal factor in deciding to terminate his employment. According to Wojcik, this declaration "would simply reflect the jury's discrimination finding." P. Mot. to Alter or Amend at 9. Wojcik argues that Costco employees "have a right to know that age discrimination has, in fact, occurred in their workplace so they can be specifically aware of the risk and of their rights." *Id.* at 10.

Costco opposes declaratory relief and argues that Wojcik is asking the court to restate part of the jury verdict. Costco asks the court to deny declaratory relief as unwarranted, or, alternatively, to declare the jury's entire verdict, including its finding that Costco would have made the same decision to terminate Wojcik even if it had not considered his age.

The court declines to issue declaratory relief. First, as with his request for injunctive relief, Wojcik did not seek this relief in his complaint or in the pretrial order. Second, Wojcik does not seek any forward-looking relief or any declaration of the parties' relationship. Any declaration would simply be a restatement of the jury verdict, which the court in its discretion declines to enter.

V

The court next addresses Wojcik's request for attorney's fees and costs.

Wojcik argues that he is entitled to attorney's fees because he is a prevailing party based on the jury's verdict that his age was a motivating factor in Costco's termination

- 15 -

decision. Costco opposes Wojcik's request for attorney's fees and asks the court to alter or amend its judgment to not award attorney's fees. Costco maintains that because the jury found that Costco would have made the same decision to terminate Wojcik even if it had not considered his age, Wojcik is not a prevailing party and is not entitled to attorney's fees under *Peterson*. Wojcik responds that the court should "correct the erroneous application of law" in *Peterson* and award attorney's fees.

The Fifth Circuit recently addressed the question of when a party can recover attorney's fees for a violation of the TCHRA. *See Peterson*, 806 F.3d at 342-43. In *Peterson* the court held that because Peterson was not awarded any actual relief (i.e., damages), he was not entitled to attorney's fees under the TCHRA despite the jury's finding that his age was a motivating factor in Bell Helicopter's decision to terminate his employment. *Id.* at 343. As the court explained, under the TCHRA, the court may grant attorney's fees and costs when "'a plaintiff proves a violation under Subsection (a) [of § 21.125] and a respondent demonstrates that the respondent would have taken the same action in the absence of the impermissible motivating factor.'" *Id.* at 342 (quoting Tex. Lab. Code Ann. § 21.125). This provision must be read in the context of the entire section. Section 21.259(a) requires that a party achieve prevailing party status to be awarded attorney's fees. Taking these two provisions together, the court concluded that "a party must receive a favorable judgment in order to obtain attorney's fees under Chapter 21 of the Texas Labor Code." *Peterson*, 806 F.3d at 343. The Supreme Court of Texas has required that, to be a prevailing party, a party must recover some actual relief, whether in the form of damages or other actual relief, and

may not merely "prevail" on the answer to one jury question. *Id.* at 342 (citing *Sw. Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 56 (Tex. 1998) (per curiam)). Because Peterson did not obtain any "relief on the merits" in the form of damages or injunctive relief (which was awarded by the district court but vacated on appeal), Peterson did not prevail and was not entitled to attorney's fees. *Id.*

Wojcik, like Peterson, was not awarded any relief on the merits. Accordingly, he is not a prevailing party under the TCHRA and is not entitled to attorney's fees or costs.[2]

\* \* \*

For the reasons explained, the court denies Wojcik's motions under Rule 59(e) and for attorney's fees, grants Costco's Rule 59(e) motion, denies Costco's Rule 50(b) motion, and denies as moot Costco's motion to review Wojcik's taxable costs. The court is entering today an amended judgment dismissing Wojcik's action with prejudice.

**SO ORDERED**.

January 26, 2016.

　　　　　　　　　　　　　　　　　　　　
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[2] Because Wojcik is not entitled to recover taxable costs and the court is entering an amended judgment denying him all relief, the court denies as moot Costco's motion to review the clerk of court's taxation of costs.